337 P.2d 964

Max E. BIRCH and Fontella Birch, his wife, Plaintiffs and Respondents,

v.

Forrest W. FULLER and Judith Hyde Fuller, his wife, Kenenth W. Judd and Ruby F. Judd, his wife, Defendants and Appellants.

No. 8822.

Supreme Court of Utah.

April 21, 1959.

R. Earl Dillman, Roosevelt, Gordon I. Hyde, Forrest W. Fuller, Salt Lake City, for appellants.

Richard L. Maxfield, George B. Stanley, Heber City, for respondents.

HENRIOD, Justice.

■ Appeal from a judgment against defendants for slander of title and for trespass, arising out of a series of transactions between plaintiffs, one Sather and the defendants, which, according to competent evidence, if believed by the trial court, sitting without a jury, would justify the conclusion that such series of transactions was not intended to or did bind Sather but was designed to effectuate a loan to pay taxes and some other pressing obligations of plaintiffs. This conclusion is reflected in the words of the trial court at the end of the case where he said that *"As to the contracts, if you want a finding on that matter the Court finds that there was no contract between the plaintiffs and the defendants,"* to which statement and conclusion no one has objected.

In the early part of July, 1957, a dispute arose as to the use of the ground in question. On July 9, 1957, defendants filed a notice of lis pendens in the county recorder's office, and on July 10th plaintiffs were met by a notice to vacate, wherein it was claimed that defendants were the owners of the property and that unless plaintiffs paid $510 within five days, they would be evicted.

No action was filed by defendants as was purported in the lis pendens. On July 29, plaintiffs sued defendants for slander of title and in trespass.

The court dismissed the case as to Sather and awarded plaintiffs a money judgment.

■ Defendants say the evidence does not support a slander of title action, nor does it evince bad faith or malice. It is

difficult to discern what other motive defendants had in filing the lis pendens, particularly in view of the transmission by one of the defendants of a rather insulting letter to the plaintiffs some two months earlier. We believe the court's conclusion to have been justified. Also, there appears to be no basis for disturbing the court's conclusion that defendants had no legal or equitable title.

■ We do not believe defendants' contention that it was error to give judgment for trespass is sustainable. Defendants said they had never been on the property, but the answer admits that they were in possession pursuant to an agreement made by plaintiff to sell to defendants.

The trial court indicated that only testimony relating to damages suffered because of the trespass need be adduced, and we are of the opinion that such evidence fully warranted the amount adjudged.

Judgment affirmed, with no costs awarded.

·CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

WORTHEN, J., heard argument but died before the opinion was filed.