931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
J. Walter FITZGERALD, Betty M. Fitzgerald, Printess K.
Fitzgerald, Jenence Fitzgerald, Plaintiffs-Appellants,
v.
UTAH COUNTY, Jeril Wilson, Lynn W. Davis, Defendants-Appellees.
 No. 88-2384.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1991.
 
 Before SEYMOUR and BALDOCK, Circuit Judges, and THEIS, District Judge.*
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 J. Walter Fitzgerald, Betty M. Fitzgerald, Printess K. Fitzgerald, and Jenence Fitzgerald (the Fitzgeralds) brought this action pursuant to 42 U.S.C. Sec. 1983 (1988) and state law against Utah County and its employees and agents asserting claims arising out of enforcement of the County's zoning ordinances. The critical facts underlying the action are the Fitzgeralds' failure to obtain a waiver under a County regulation of otherwise applicable zoning requirements, and the publicizing of their noncompliance with those ordinances. The Fitzgeralds sold or attempted to sell land zoned for agricultural use to buyers who believed that they would ultimately be able to use the property for residential purposes. The Fitzgeralds alleged that when the County refused to approve the waiver and publicized the Fitzgeralds' failure to comply with the zoning regulations, buyers who had already entered into purchase contracts stopped paying on those contracts and potential sales were lost.
 
 
 2
 The Fitzgeralds challenged the validity of the Utah County ordinances on several grounds. In addition, they contended that the zoning regulations constituted a taking of their property in violation of the Fifth and Fourteenth Amendments, claimed that defendants' alleged defamatory statements deprived them of their property interests in either their realty or realty contracts without due process, and asserted a state law claim for slander of title based on the filing of a lis pendens. Defendants moved for summary judgment. The district court referred the matter to a magistrate, who issued a report recommending that summary judgment be granted to all defendants except Utah County, deputy County attorney Lynn Davis, and Utah County Commissioner Jeril Wilson. The report recommended that only two of plaintiffs' claims be allowed to go forward: the defamatory-injury-to-property claim against all three remaining defendants, and the slander-of-title claim against defendants Utah County and Lynn Davis. The district court accepted the report except for the recommendation relating to the slander-of-title claim. The court rejected the recommendation that this claim remain in the suit, concluding instead that it was barred by the applicable statute of limitations. The district court held two evidentiary hearings on the remaining defamatory-injury-to-property claim, and then granted defendants' motion to dismiss. The Fitzgeralds appeal and we affirm.
 
 I.
 
 3
 Under Utah County zoning ordinances promulgated pursuant to state zoning statutes, a subdivision plan or plat cannot be recorded until approved by the county planning commission, and no land located within a subdivision can be sold until the plat has been recorded. See Utah Code Ann. Sec. 17-27-21 (1987 replacement); Utah County Ordinance 4-3-52 (Addendum to Brief of Appellants, doc. B). Under state law, a subdivision is defined as "the division of a tract, or lot or parcel of land into three or more lots, plats, sites or other divisions of land for the purpose ... of sale or of building development." Utah Code Ann. Sec. 17-27-27. This definition specifically excludes "a bona fide division or partition of agricultural land for agricultural purposes." Id. Thus, unlike a tract of land that is divided and sold for residential purposes, the division of an agricultural tract need not be approved and recorded prior to sale. In conjunction with the above regulations, Utah County enacted the zoning ordinance at issue, under which a property owner who wants to divide and sell agricultural land without recording a plat must obtain a waiver from the County Building Inspector. The waiver requires the recordation of deed covenants precluding residential or other non-agricultural use of the land. See Utah County Ordinance Sec. 4-3-53 (Addendum to Brief of Appellants, doc. B).
 
 
 4
 The Fitzgeralds divided and sold agricultural land without recording the plat. They assert on appeal that these divisions were to be used as small farmsteads, and therefore recording the plat was unnecessary. However, they also failed to obtain the required waivers because apparently not all the purchasers were willing to execute covenants precluding residential use. The record reflects that at least some of the purchasers expected that the land would be rezoned to permit residential use in the future.
 
 
 5
 The Fitzgeralds first assert that the ordinances are invalid and void, and administered unconstitutionally. We have carefully reviewed the analysis and authorities addressing these claims in the magistrate's report, which the district court adopted. We are in substantial agreement with the disposition of these issues as set out therein.
 
 
 6
 The Fitzgeralds also contend that the ordinances constitute a taking of their property without just compensation in violation of the Fifth Amendment. The law is clear that such a claim is not ripe until all administrative avenues for review of the unfavorable zoning decision have been exhausted and state procedures for obtaining just compensation have been utilized. See Williamson Co. Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186-87 (1985); Landmark Land Co. of Oklahoma, Inc. v. Buchanan, 874 F.2d 717, 721 (10th Cir.1989). Here, state law provides an appeal to the board of adjustment for persons aggrieved by a decision made in the course of administering or enforcing zoning regulations. See Utah Code Ann. Sec. 17-27-16. The Fitzgeralds have not pursued their claims with the board of adjustment, nor have they demonstrated that an appeal would be futile or that the decision at issue is otherwise final. Moreoever, and of equal significance, the Fitzgeralds have not established that they pursued state procedures for obtaining just compensation. Accordingly, their taking claim is premature.
 
 II.
 
 7
 The Fitzgeralds also appeal the district court's dismissal of their claim alleging that defendants deprived them of their property interest without due process by issuing defamatory statements. The district court held two hearings to enable the Fitzgeralds to present evidence on this claim to raise a fact issue in opposition to defendants' motion for summary judgment. At the second hearing, plaintiffs proffered evidence describing the testimony that would be presented at trial by people who bought land from plaintiffs believing that the land would be rezoned for residential use. These buyers allegedly stopped paying on their contracts when they learned that the land would not be rezoned.
 
 
 8
 We agree with the district court that this evidence, taken as true, does not support a constitutional claim. The Due Process Clause mandates the procedures necessary to provide defamed persons an opportunity to clear their names by allowing them to establish that the defamatory statements are false. See Codd v. Velger, 429 U.S. 624, 627 (1977) (per curiam). Thus, only when "a false and defamatory impression" is created and disseminated is a hearing mandated. Id. at 628; Melton v. City of Oklahoma City, --- F.2d ----, ----, No. 85-1758, slip op. at 19-21 (10th Cir. March 19, 1991) (en banc). Assuming that a defamatory injury to property without due process could under some circumstances state a claim for relief under section 1983, plaintiffs have failed to establish an essential element of such a claim. Plaintiffs' proffered evidence, viewed most favorably to them, showed that the buyers who stopped paying on their contracts did so because defendants' statements led them to believe that their property could never legally be used for residential purposes. As the district court observed, the statements to this effect attributed to defendants were not defamatory because they were true.
 
 
 9
 Plaintiffs asserted below and on appeal that the defamatory statements included allegations that their land sales were illegal, which they vehemently deny. Plaintiffs' own proffered evidence, however, shows that their damages were not caused by the charges of illegal sales. Instead, their buyers were influenced to stop payment on their contracts by statements that residential use of the land would never be allowed. Moreover, as set out in Part I, supra, it appears from the record that plaintiffs' sales were in fact illegal. It is undisputed that plaintiffs did not obtain the waiver from the County Building Inspector required to subdivide and sell agricultural land without recording a plat, nor did they record their plat.
 
 
 10
 "Any sale or other transfer of land into three or more parcels without the owner or agent of the owner first having obtained a signed waiver from the Building Inspector, or having recorded an approved subdivision plat, shall be considered prima facie evidence of the illegal subdivision of land and a violation of this section and Section 4-3-52 of this ordinance, subject to the penalties stated therein."
 
 
 11
 Utah County Ordinance Sec. 4-3-53 (Addendum to Brief of Appellants, doc. B). Section 4-3-52 provides that one who sells property within an unrecorded and unapproved subdivision is guilty of a misdemeanor and subject to civil remedies. See Utah County Ordinance Sec. 4-3-52 (Addendum to Brief of Appellants, doc. B). Accordingly, we affirm the district court's disposition of plaintiffs' claim for defamatory injury to property without due process. We do not address the state law claims asserting interference with contractual relations because they are raised for the first time on appeal.
 
 III.
 
 12
 Finally, we affirm the dismissal of the Fitzgeralds' slander-of-title claim, albeit on grounds different from those relied on by the district court. This state law cause of action was based on a lis pendens covering the property at issue recorded in connection with the filing of a lawsuit by Utah County. The lawsuit challenged unrecorded land sales similar to the sales made by the Fitzgeralds, although they were not named defendants in that suit.
 
 
 13
 This claim fails on two equally dispositive grounds. First, Utah holds that the recording of a lis pendens is privileged and therefore cannot support a claim for slander of title. See Hansen v. Kohler, 550 P.2d 186, 189-90 (Utah 1976).
 
 
 14
 "[S]ince the effect of a lis pendens is to give constructive notice of all the facts apparent on the face of the pleadings, the recordation of a notice of lis pendens is, in effect, a republication of the pleadings. Since the publication of the pleadings is absolutely privileged, the republication thereof by recording a notice of lis pendens is similarly privileged."
 
 
 15
 Id. at 190. The instant case is distinguishable from Birch v. Fuller, 9 Utah 2d 79, 337 P.2d 964 (1959), upon which the Fitzgeralds rely, because in Birch no underlying action was filed. Here, as in Hansen, an underlying lawsuit was filed. Although plaintiffs argue that Hansen is not controlling because they were not named in the suit, we conclude that this fact is not significant. The decision in Hansen was based on the Court's holding that a lis pendens is privileged because it merely republishes the pleadings, which are themselves privileged. The lis pendens here thus derives its privilege from the action it republishes. In Birch, to the contrary, the lis pendens did not republish an underlying privileged pleading.
 
 
 16
 In addition, under Utah law, a slander of title action requires proof of special damages "by evidence of a lost sale or the loss of some other pecuniary advantage." Bass v. Planned Management Serv., 761 P.2d 566, 568 (Utah 1988). Damages may not be presumed. Id. The Fitzgeralds have proffered no evidence of the requisite specific monetary loss due to the filing of the lis pendens. Accordingly, we affirm the ruling against the Fitzgeralds on this cause of action.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Frank G. Theis, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3